No. 23-15183

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALIGN TECHNOLOGY, INC.,
*Plaintiff-Appellee*,

v.

SMILEDIRECTCLUB, LLC; et al.,
*Defendants-Appellants*.

On Appeal from the United States District Court,
Northern District of California,
Case No. 3:23-cv-00023-EMC
(The Honorable Edward M. Chen)

# THE PARTIES' JOINT UPDATE RE STATUS OF
# SMILEDIRECTCLUB LLC'S BANKRUPTCY FILING

Krista M. Enns
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: (628) 600-2250
Facsimile: (628) 221-5828
kenns@beneschlaw.com

Michael D. Meuti
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
mmeuti@beneschlaw.com

*Attorneys for Non-SDC Defendants-Appellants*

In accordance with the Court's order of October 30, 2023, Align Technology, Inc. and the Non-SDC Defendants-Appellants (David Katzman, Steven Katzman, Jordan Katzman, Alex Fenkell, Camelot Venture Group, Dr. Jeffrey Sulitzer, and Jeffrey Sulitzer, P.C.) hereby provide a joint update to the Court. In light of the ongoing bankruptcy proceedings, SmileDirectClub, LLC, SmileDirectClub, Inc., and SDC Financial LLC (collectively "SDC" or "Debtors") remain subject to the Bankruptcy Code's automatic stay.

**Status of Bankruptcy Proceedings:** SmileDirectClub ceased operations on December 9, 2023, and on January 26, 2024, the U.S. Bankruptcy Court for the Southern District of Texas converted the SDC bankruptcy cases to Chapter 7 cases. Allison Byman was appointed as the Chapter 7 trustee (the "Trustee") in the Chapter 7 cases. The automatic stay of 11 U.S.C. § 362 applies to the Chapter 7 cases and related matters. The automatic stay currently remains in effect.

**Status of District Court Proceedings:** In the district court, proceedings against the SDC entities remain subject to 11 U.S.C. § 362's automatic stay. On April 16, 2024, Align voluntarily dismissed its state

1

and federal RICO claims against the non-SDC defendants without prejudice.

**Align's Position:** Align agrees with the Non-SDC Defendants that Align's voluntary dismissal of its state and federal RICO claims against the Non-SDC Defendants does not affect this appeal.

With respect to SDC's bankruptcy, Align respectfully submits that the cessation of SDC's business further weakens the appellants' (including the Non-SDC Defendants') argument that the matters set forth in Align's complaint and the arbitration award should remain sealed. There remains no competitive reason for keeping the conduct Align has alleged constitutes fraud in the provision of medical services secret from the public. Similarly, the Non-SDC Defendants were not parties to the arbitration (though they were witnesses) and no longer have any basis for claiming a right to keep the information in Align's complaint sealed.

Align respectfully requests that the Court enter an order asking the Chapter 7 trustee to state its positions on the matter set forth in the appeal or decide whether it wants to dismiss SDC's portion of the appeal. For the reasons set forth in Align's letter brief, this Court has the

authority to enter such an order because the appeal is not a "continuation[]" of an "action or proceeding against the debtor." *See* Letter Brief from Jameson R. Jones, Dkt. 43 (Oct. 12, 2023). The parties can ensure that the chapter 7 Trustee (Allison Byman) receives the order.

**Non-SDC Defendants-Appellants' Position:**

The Non-SDC Defendants-Appellants' position is that Align's voluntary dismissal of the Non-SDC Defendants changes nothing with regard to this appeal. The automatic bankruptcy stay remains in place. When that stay is lifted, Non-SDC Defendants-Appellants will continue to press the appeal, as the district court order subject to this appeal undermines their confidentiality rights under the applicable arbitration agreement and otherwise.

The Non-SDC Defendants-Appellants note that the arbitration in question took place pursuant to the confidential-arbitration provision in an Operating Agreement to which certain of the Non-SDC Defendants-Appellants were parties. They thus maintain an interest in ensuring that Align complies with its obligations to maintain the arbitration proceedings as confidential.

DATED: April 29, 2024

By: /s/ *Michael D. Meuti*
Krista M. Enns (CA Bar #206430)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: (628) 600-2250
Facsimile: (628) 221-5828
kenns@beneschlaw.com

Michael Meuti (CA Bar #27939)
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, OH 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
mmeuti@beneschlaw.com

*Attorneys for Non-SDC Defendants-Appellants*


By: /s/ *Jameson R. Jones*
Jameson R. Jones
Bartlit Beck LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80249
jameson.jones@bartlitbeck.com

Adam M. Rapp (CA Bar # 280824)
Glynn, Finley, Mortl, Hanlon & Friedenberg, LLP
100 Pringle Ave, Suite 500
Walnut Creek, CA 94596
arapp@glynnfinley.com

*Attorneys for Plaintiff Appellee, Align Technology, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: April 29, 2024    */s/ Michael D. Meuti*
Michael Meuti